1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Eric Valenzuela (Bar No. 284500)
3  evalenzuela@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California  91367
   Telephone:    (818) 347-3333
5  Facsimile:    (818) 347-4118

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 YERIS AVELAR; and BELLA          Case No.
   AVELAR,
11                                  **COMPLAINT FOR DAMAGES**
              Plaintiffs,
12                                  1. Unreasonable Search and Seizure—
        vs.                            Excessive Force (42 U.S.C. § 1983)
13                                  2. Unreasonable Search and Seizure—
   COUNTY OF LOS ANGELES; and          Denial of Medical Care (42 U.S.C.
14 DOES 1-10, inclusive,               § 1983)
                                    3. Substantive Due Process—(42
15            Defendants.              U.S.C. § 1983)
                                    4. Battery (Wrongful Death)
16                                  5. Negligence (Wrongful Death)
                                    6. Violation of Bane Act (Cal. Civil
17                                     Code § 52.1)

18                                  **DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

Plaintiffs YERIS AVELAR and BELLA AVELAR for their complaint against Defendants COUNTY OF LOS ANGELES, and Does 1-10, inclusive, allege as follows:

**INTRODUCTION**

1.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of the decedent, Ricardo Avelar.

**PARTIES**

2.     At all relevant times, Ricardo Avelar ("DECEDENT") was an individual residing in County of Los Angeles, California.

3.     Plaintiff YERIS AVELAR is an individual residing in the County of Los Angeles, California, and is the natural son of DECEDENT. YERIS AVELAR sues both in his individual capacity as the son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. YERIS AVELAR seeks both survival and wrongful death damages under federal and state law.

4.     Plaintiff BELLA AVELAR is an individual residing in the County of Los Angeles, California, and is the natural daughter of DECEDENT. BELLA AVELAR sues both in her individual capacity as the daughter of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. BELLA AVELAR seeks both survival and wrongful death damages under federal and state law.

5.     At all relevant times, Defendant COUNTY OF LOS ANGELES ("COUNTY") is and was a duly organized public entity, form unknown, existing

under the laws of the State of California.  At all relevant times, COUNTY was the employer of Defendant DOES 1-5, who were COUNTY sheriff's deputies, DOES 6-7, who were COUNTY sheriff's deputies supervisorial officers, and DOES 8-10, who were managerial, supervisorial, and policymaking employees of the COUNTY Sheriff Department.  On information and belief, at all relevant times, DOES 1-10 were residents of County of Los Angeles, California.  DOES 1-10 are sued in their individual capacity for damages only.

6.     At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

7.     At all relevant times, Defendants DOES 1-10 were duly appointed officers and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

8.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of COUNTY.

9.     At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

10.    The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

COMPLAINT FOR DAMAGES

11.     On January 15, 2015, Plaintiffs filed comprehensive and timely claims for damages with COUNTY pursuant to applicable sections of the California Government Code.

12.     On February 20, 2015, COUNTY rejected Plaintiffs' claims for damages.

## JURISDICTION AND VENUE

13.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16.     On or about November 16, 2014, DECEDENT was on or near the driveway of his home near the 5300 Block of Verona Street in the City of Los Angeles, California.

17.     While on or near his driveway on the 5300 Block of Verona Street, DOES 1-5 discharged their firearms at DECEDENT, striking him several times, causing DECEDENT serious physical injury and eventually killing him.

18.     The involved deputies also shot and killed Eduardo Bermudez, who was standing in the general vicinity of DECEDENT.

19.     On information and belief, DOES 1-5 intentionally shot DECEDENT multiple times.

COMPLAINT FOR DAMAGES

20.    On information and belief, DOES 1-5 did not accidently shoot DECEDENT because he was standing in the vicinity of Eduardo Bermudez, who was the intended target.  Rather, DECEDENT was the intended target of DOES 1-5's gunfire.

21.     At the time of the shooting, DECEDENT posed no imminent threat of death or serious physical injury to either DOES 1-5 or any other person.  Especially, since he was unarmed, his arms were raised in the air near his head and his hands were visibly empty.  DECEDENT never reached in or near his waistband prior to being fatally shot.

22.    DECEDENT never attempted to flee from DOES 1-5, he complied with all deputy commands and he was never resistive, assaultive or combative with anyone during the incident.

23.    On information and belief, DOES 1-5 had no information that DECEDENT had committed a felony.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

(Against Defendants DOES 1-5)

24.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25.     DOES1-5's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26.    The unreasonable use of force by Defendant DOES 1-5 deprived the DECEDENT of his right to be secure in his person against unreasonable searches

COMPLAINT FOR DAMAGES

1   and seizures as guaranteed to DECEDENT under the Fourth Amendment to the

2   United States Constitution and applied to state actors by the Fourteenth Amendment.

3       27.    As a result, DECEDENT suffered extreme pain and suffering and

4   eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been

5   deprived of the life-long love, companionship, comfort, support, society, care, and

6   sustenance of DECEDENT, and will continue to be so deprived for the remainder of

7   their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss

8   of financial support.

9       28.    As a result of the conduct of DOES 1-5, they are liable for

10  DECEDENT's injuries, either because they were integral participants in the

11  excessive force, or because they failed to intervene to prevent these violations.

12      29.    This use of deadly force was excessive and unreasonable under the

13  circumstances.  Especially, since DECEDENT was unarmed, his hands were visibly

14  empty, he complied with all the involved deputies commands and he was never

15  resistive, assaultive or combative.  Defendants' actions thus deprived DECEDENT

16  of his right to be free from unreasonable searches and seizures under the Fourth

17  Amendment and applied to state actors by the Fourteenth Amendment.

18      30.    The conduct of DOES 1-5 was willful, wanton, malicious, and done

19  with reckless disregard for the rights and safety of DECEDENT and therefore

20  warrants the imposition of exemplary and punitive damages as to Defendants DOES

21  1-5.

22      31.    Plaintiffs bring this claim as successors-in-interest to the DECEDENT,

23  and seek both survival and wrongful death damages for the violation of

24  DECEDENT's rights.

25      32.    Plaintiffs also seek attorney fees under this claim.

26

27

28

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOES 1-5)

33.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34.     On information and belief, after shooting DECEDENT multiple times, DOES 1-5 did not immediately summons medical attention for the DECEDENT.

35.     After the responding medical providers arrived on scene, DOES 1-5 denied the medical providers access to DECEDENT for several minutes, while DECEDENT bled profusely in the street as a result of his gunshot wounds and ultimately died.  Further, the involved deputies did not have information that there were outstanding suspects, thereby making it unsafe for the medical providers on scene to begin rendering medical aid to DECEDENT.

36.      The denial of medical care by Defendant Does 1-5 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

38.     Defendant Does 1-5 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

-7-

COMPLAINT FOR DAMAGES

39.     The conduct of Does 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant Does 1-5.

40.     Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

41.     Plaintiffs also seek attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(Against Defendant DOES 1-5)

42.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     YERIS AVELAR had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

44.     BELLA AVELAR had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

45.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

COMPLAINT FOR DAMAGES

46.     As a result of DOES 1-5's excessive force and failure to intervene, DECEDENT died.  Plaintiff s YERIS AVELAR and BELLA AVELAR were thereby deprived of their constitutional right of familial relationship with DECEDENT.

47.     Does 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights of YERIS AVELAR and BELLA AVELAR to be free from unwarranted interference with their familial relationship with DECEDENT.

48.     The aforementioned actions of DOES 1-5, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs YERIS AVELAR and BELLA AVELAR, and with purpose to harm unrelated to any legitimate law enforcement objective.

49.     Defendants DOES 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

50.     As a direct and proximate cause of the acts of DOES 1-5, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

51.     As a result of the conduct of Does 1-5, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

52.     The conduct of DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES 1-5.

53.     Plaintiffs bring this claim individually and as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of both Plaintiffs' and DECEDENT's rights.

54.     Plaintiffs also seek attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Wrongful Death)

(Against Defendant DOES 1-5 and COUNTY)

55.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.     DOES 1-5, while working as a sheriff's deputies for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times.  As a result of the actions of DOES 1-5, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity.  DOES 1-5 had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out their officer duties was an unreasonable and excessive use of force.  Especially, since DECEDENT was unarmed and his hands were visibly empty at the time of the shooting.

57.     As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses and a loss of financial support.

58.     COUNTY is vicariously liable for the wrongful acts of DOES 1-5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

59.     The conduct of DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

60.     Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and are seeking both survival and wrongful death damages under this claim.

## FIFTH CLAIM FOR RELIEF
### Negligence (Cal. Govt. Code § 820 and California Common Law)
(Wrongful Death)

(Against All Defendants)

61.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.     The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

    (a)     the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

    (b)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

    (c)     the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

    (d)     discharging a firearm negligently in public;

        (d)    the failure to summons and provide prompt medical care to DECEDENT;

        (e)    the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-2;

        (f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

        (g)    the negligent handling of evidence and witnesses.

63.    As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses and a loss of financial support.

64.    COUNTY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

65.    Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek wrongful death damages under this claim.

///

///

///

///

///

COMPLAINT FOR DAMAGES

## SIXTH CLAIM FOR RELIEF
### Violation of Bane Act (Cal. Civil Code § 52.1)
(Against All Defendants)

66.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

67.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

68.     Conduct that violates the Fourth Amendment violates the California Bane Act.[1]

69.     Defendant DOES 1-5 use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed and his hands were visibly empty at the time of the shooting.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

70.     DOES 1-5, while working as sheriff's deputies for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

---

[1] *See Chaudhry v. City of Los Angeles*, 2014 WL 2030195, at * 6 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).

71.    On information and belief, DECEDENT reasonably believed that if he exercised his rights, including his civil rights, DOES 1-5 would commit acts involving violence, threats, coercion, or intimidation against them or their property.

72.    On information and belief Defendant DOES 1-5 injured DECEDENT to prevent him from exercising his rights or retaliated against DECEDENT for having exercised his rights.

73.    DECEDENT was caused to suffer extreme pain and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

74.    The conduct of DOES 1-5 was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

75.    COUNTY is vicariously liable for the wrongful acts of DOES 1-5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76.    The conduct of DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiffs to an award of exemplary and punitive damages.

77.    Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek survival damages for the violation of DECEDENT's rights.

78.    The Plaintiffs also seek attorney fees under this claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants County of Los Angeles, and Does 1-10, inclusive, as follows:

A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.    For funeral and burial expenses, and loss of financial support;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For interest;

E.    For reasonable costs of this suit and attorneys' fees; and

F.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: April 14, 2015         LAW OFFICES OF DALE K. GALIPO

By_____/s/ Dale K. Galipo_____
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED:  April 14, 2015            LAW OFFICES OF DALE K. GALIPO

By_____/s/ Dale K. Galipo_____
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs

-16-